STATE OF MAINE  SUPERIOR COURT
CUMBERLAND, SS. CIVIL ACTION
DOCKET NO. CV-04-675

2008 JUL -3 A II: 32

LATHROP & LATHROP, INC.,

    Plaintiff

v.

DOMINIC MOULTON, d/b/a
"THE FRESH LOOK",
LeRAY (MOULTON) PEPPER,
and MARCO DESALLE,

    Defendant

**DECISION AND JUDGMENT**

DONALD L. GARBRECHT LAW LIBRARY JUL 18 2008

The background and underlying facts of this case are set out in the court's prior decision on the parties' motions for summary judgment. In that Order, the court granted summary judgment for plaintiff in the amount of $10,598.97 for post-May 2004 rent due and unpaid sewer charges. Summary judgment was also granted for plaintiff on the issue of attorney fees with the amount of the claim being left to proof at trial.[1]

The 1999 extension of the lease, Pl. Ex. 'L', that was in effect at the time of lessee's default, incorporated the requirements of the original lease that made the defendants responsible for the post-default rent and for expenses and attorney fees in connection with the lessor's need to relet and enforce the terms and conditions. *See* Pl. Ex. 'M', Article XIX(c).

The defendants acknowledge the attorney fee provision, but dispute the extent of services and amount claimed. To that extent, the court must examine the necessity and

---

[1] Summary judgment was denied as to defendant LeRay (Moulton) Pepper. At trial the court found that she did not agree or consent to the extension of the lease and entered judgment for her on plaintiff's claim.

reasonableness of the fees and expenses claimed in light of the contract language and the established standards for the court's review.

The lease here, Pl. Ex. 'Mm, states in part:

Article XIX, Part (C)

No . . . expiration or termination of this lease . . . shall relieve Lessee of its liability and obligation under this Lease, whether or not the Premises shall be relet, and Lessee covenants and agrees, in the event of any such expiration or termination of this lease . . . to forthwith pay to Lessor . . . [rent and other charges] . . . as would . . . become due and payable if this lease had not so expired or been terminated . . . [plus] all of the Lessor's reasonable expenses in connection with reletting, including reasonable attorney's fees; and any suit brought to collect the amount of the deficiency for any month or other period . . . .

It is not disputed that the defendant defaulted and that plaintiff had to initiate forcible entry and detainer (FED) proceedings to free up the lease space to relet to another tenant.

In many circumstances, where attorney fees are recoverable, they are awarded for proceedings directly or indirectly related to actual litigation, but here, the parties' lease contract specifically includes "all of Lessor's reasonable expenses in connection with reletting, including reasonable attorney's fees." "Reletting" necessarily includes working with the property owner to have the premises in a proper legal posture where a new leasee can move in without legal entanglement. This may well, as here, include legal eviction proceedings and subsequent proceedings to collect sums due.

It is up to the court to determine a proper amount, which, in fact, may be more than amounts paid to counsel for other parties or more than the actual amount of damages awarded.

The standard used by the court was recently reiterated by the Law Court:

(1)   the time and labor required;
(2)   the novelty and difficulty of the questions presented;
(3)   the skill required to perform the legal services;

2

(4) the preclusion of other employment by the attorneys due to acceptance of the case;

(5) the customary fee in the community;

(6) whether the fee is fixed or contingent;

(7) the time limitations imposed by client or circumstances;

(8) the [degree of success];

(9) the experience, reputation and ability of the attorneys;

(10) the undesirability of the case;

(11) the nature and length of the professional relationship with the client; and

(12) awards in similar cases.

*Gould v. A-1 Auto, Inc.*, 2008 ME 65, ¶ 13, 945 A.2d 1225, 1230.

Several of these factors are not applicable to plaintiff's present claim for fees due to the nature of the case or that no evidence has been presented to the court; therefore the court does not consider numbers 2, 4, 7, 10, 11, and 12.

In a claim for attorney fees, it is customary for counsel to submit an itemized statement of services (plaintiff's exhibit A) that is supported by an affidavit of counsel as to the necessity of services, rates charged, customary charges, and other facts that relate to the list of criteria. In this case the only affidavit that appears of record is that by Timothy Norton, Esq., which was submitted in support of plaintiff's request for summary judgment.[2] Nevertheless, the court considers the issue of attorney fees because the plaintiff's lead counsel testified under oath at the trial and was cross-examined extensively by counsel for defendants Moulton and DeSalle.

After review of the procedural history of the case, the court determines that it was reasonable and necessary to initiate an FED complaint; however, the amount of time spent to draft, amend, and redraft the complaint, and confer with co-counsel appears excessive, although a good part of that time is undoubtedly due to multiple

---

[2] The court has examined each document in the file, the transcript, the clerk's exhibit list from the trial, and the court's own notes. There is no reference to an affidavit of counsel regarding the final bill submitted by plaintiff, nor does an affidavit appear as an exhibit.

3

false starts as the defendant Moulton would agree to make payments and then only partially follow through.

Ultimately, the Moultons may have confessed to the FED judgment, but this was at the courthouse only moments before a trial would be held that would strike the inevitable death knell to any defense that might be offered.

Legal services for the plaintiff necessarily include dealing with the property management company and contact with the client on issues of both eviction and reletting, drafting of legal documents for the FED action and the present case, initiation and responses for discovery, dealing with three opposing counsel, and attendance at mandatory Rule 16B ADR, at a judicial settlement conference and at multiple court hearings.

Plaintiff's law firm used the services of associates for much of the legal work at a lesser rate of pay and did not bill separately for the time of paralegals and office staff.

On the other hand, the plaintiff cannot recover fees as they may be related to defendant LeRay Pepper. Services relating to the claim against her are not separately stated. A reduction of one-third, however, is not fair as the court regards her as a lesser defendant and that the case would have been brought even if she had not been a party to the original lease.

The defendants complain about billings for intra-office conferences of counsel. A review of counsels' statement of services shows a significant number of in-house meetings (14) between co-counsel which are vaguely explained and are services that would most likely not be present if the matter was handled by one attorney. However, as here, where much legwork is performed by associate counsel, at a lesser hourly rate, it is reasonable for the associate to confer with lead counsel, especially where attorney

4

Norton was called as a witness by defendant Moulton regarding the fees and associate counsel needed prepare and be present at the trial.[3]

The defendants did not question the competence or experience of lead counsel and the court has considered, as pointed out by defendant Moulton, that associate counsel may have taken more time than necessary to draft and redraft some pleadings

Over-all, the court determines that attorneys' fees in the amount of $14,720.00 plus expenses of $1,279.30 [4] is appropriate.

The clerk will make the following entries as the Decision and Judgment of the court, which shall be entered as a final judgment.

A.  Judgment for plaintiff Lothrop & Lothrop, Inc., against defendants Dominic Moulton and Marco DeSalle, jointly and severally as follows:

1.  Rental arrearages for the period prior to May 31, 2004, in the amount of $4,697.97.[5]

2.  Rental and sewer charges as determined in the Decision and Orders for summary judgment in the amount of $10,598.97.

3.  Attorney fees and expenses in the amount of $15,999.30.

4.  Plaintiff is entitled to costs as allowed by rule and statute, prejudgment interest in the amount of 4.28%, and post-judgment interest in the amount of 9.42%.

B.  Judgment for defendant LeRay (Moulton) Pepper, with costs as allowed by rule and statute.

SO ORDERED.

DATED: July 2, 1008

Thomas E. Delahanty II
Justice, Superior Court

---

[3] The court finds that over-all, billings by both counsel for intra-office conferences totals only 2.08 hours. Intra-office conferences that were billed by only one attorney amount to 1.65 hours.

[4] This includes $180.00 for court filing fees, $134.34 for service of process, and $287.80 for Rule 16B ADR fees. These fees are customarily recoverable though a Bill of Costs.

[5] This amount is stipulated by the parties.

5

PETER RODWAY ESQ
PO BOX 874
PORTLAND ME 04104

DAVID TURESKY ESQ
477 CONGRESS STREET SUITE 400
PORTLAND ME 04101

MICHAEL WAXMAN ESQ
PO BOX 375
PORTLAND ME 04112

K OF COURTS
iberland County
?.O. Box 287
, Maine 04112-0287

JAMES CLOUTIER ESQ
465 CONGRESS STREET
PORTLAND ME 04101

Def
DeSalle

'K OF COURTS
iberland County
?.O. Box 287
, Maine 04112-0287

PL

TIMOTHY NORTON ESQ
PO BOX 597
PORTLAND ME 04112